IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES ANDREW GRAY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 05-2382 |
| | : | |
| **EDWARD KLEM,** *et al.* | : | |

**MEMORANDUM OPINION**

Savage, J.                                                                                              February 4, 2009

  Petitioner James Gray, a state prisoner serving a life sentence for first degree murder, has filed objections to the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, which recommended that the petitioner's federal habeas petition under 28 U.S.C. §2254 be dismissed as time-barred.  Petitioner argues that a rigid application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") violates his Fourteenth Amendment right to due process.  He characterizes the respondents' invocation of the timeliness requirement under AEDPA as a device to "shirk their duty to review and correct" his wrongful conviction.

  The petitioner does not contest the relevant dates for calculating the AEDPA clock.  He claims that the District Attorney concealed a prosecutor's instructional tape regarding how to exclude African Americans from a criminal defendant's jury until March 31, 1997, and he did not learn of its existence until he read the Pennsylvania Supreme Court's decision in *Commonwealth v. Basemore*, 744 A.2d 717 (Pa. 2000), which addressed the tape.  He contends that the tape formed the predicate of his *Batson* challenge, which he sought to pursue in the state court and in his federal habeas petition.

Giving the petitioner the benefit of the doubt, we assume that he did not learn of the prosecutor's espoused strategy to exclude African-American venire persons until he read the *Basemore* decision in 2000. Nevertheless, he has not attempted to explain why he waited almost five years to raise the issue in a federal habeas petition. In short, he offers no excuse for not taking timely action to present his *Batson* claim.

Petitioner was convicted on July 14, 1988, and his conviction was affirmed by the Pennsylvania Superior Court on May 11, 1992. In his petition under Pennsylvania's Post Conviction Relief Act ("PCRA") filed almost eight years later on March 2, 2000, petitioner made a claim that the prosecutor at his trial had excluded African-American venire persons from his jury in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). The PCRA court dismissed his petition as untimely on December 7, 2001. The Superior Court affirmed the dismissal as time-barred on December 26, 2002. The Pennsylvania Supreme Court denied *allocatur* on August 6, 2003.

Petitioner did not file his federal habeas petition until May 20, 2005. He took no action to assert his *Batson* claim between the denial of *allocatur* in 2003 and filing the federal petition over twenty-one months later.

Section 2244(d)(2) of AEDPA tolls the limitations period during the pendency of a "properly filed" petition for collateral review in the state courts. An untimely petition for collateral review in the state court is not "properly filed" and cannot trigger statutory tolling. *Pace v. DiGugliemo*, 544 U.S. 408, 417 (2005). Further, a federal court is bound to respect PCRA timeliness determinations made by the state court. *Merritt v. Blaine*, 326 F. 3d 157, 165 (3d Cir. 2003). Thus, because a petition deemed untimely by the state court is not "properly filed" for purposes of applying the AEDPA limitations period, the

magistrate judge's finding that the time during which the PCRA petition was pending in the state court did not stop the AEDPA clock, and petitioner's objections to the report will be overruled.

The magistrate judge's reporting of the factual and procedural history is accurate, and his application of 28 U.S.C. § 2244(d)(1) and equitable tolling principles were correct. Therefore, his report and recommendation will be adopted.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES ANDREW GRAY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 05-2382 |
| | : | |
| **EDWARD KLEM,** *et al* | : | |

## ORDER

**AND NOW**, this 4th day of February, 2009, upon consideration of the Petition for Writ of Habeas Corpus (Document No. 1), the Respondents' Answer to Petition for Writ of Habeas Corpus, the Petitioner's "Traverse Response" to Respondents' Answer Filed, the Report and Recommendation filed by United States Magistrate Judge Jacob B. Hart and the petitioner's objections to the Report and Recommendation, and after a thorough and independent review of the record, it is **ORDERED** that:

1. The petitioner's objections are **OVERRULED**;

2. The Report and Recommendation of Magistrate Judge Hart is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus is **DENIED**; and,

4. There is no probable cause to issue a certificate of appealability.

        /s Timothy J. Savage  
        TIMOTHY J. SAVAGE, J.