**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES ANDREW GRAY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF PHILADELPHIA, THE | : | |
| ATTORNEY GENERAL OF THE STATE | : | |
| OF PENNSYLVANIA, JOHN KERESTES | : | NO.   05-2382 |

**MEMORANDUM**

**Savage, J.**                                                               **August 19, 2021**

The Philadelphia District Attorney's Office continues to be haunted by the infamous "McMahon" tape instructing young prosecutors how to systematically exclude Blacks from juries.   In this case, it was personal -- McMahon was petitioner's prosecutor.

James Andrew Gray, a state prisoner who is serving a life sentence for first degree murder and related offenses, has filed a motion under Fed. R. P. 60(b)(2) and (6).   In essence, he is seeking reconsideration of the ruling that the untimely filing of his *habeas* petition was not excused by equitable tolling.   He cites as new evidence supporting his equitable tolling contention a magistrate judge's finding in an unrelated case that his PCRA counsel had a history of neglecting to inform his clients of the status of their appeals.   Gray complains that his PCRA attorney did not advise him that the Superior Court had denied his appeal.   As a result of this failure, he contends he missed the deadline for perfecting further appeals, preventing him from exhausting his state remedies in a timely manner.

His substantive claim that the prosecutor in his case purposefully excluded Black venirepersons from his jury in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), has

not been considered on the merits.   Each time Gray sought to raise the issue in state and federal courts, his claim was dismissed as time-barred or procedurally defaulted.

Petitioner was convicted on July 14, 1988, and his conviction was affirmed by the Pennsylvania Superior Court on May 11, 1992.   In his petition under Pennsylvania's Post Conviction Relief Act ("PCRA") filed almost eight years later on March 2, 2000, petitioner asserted a *Batson* claim for the first time.   The PCRA court dismissed his petition as untimely on December 7, 2001.   The Superior Court affirmed on December 26, 2002, finding that because Gray's conviction was final on June 10, 1992 and he had until June 10, 1993 to file a timely PCRA petition, his petition filed on March 2, 2000 was untimely.

The Pennsylvania Supreme Court denied *allocatur* on August 6, 2003.   Gray claims he was unaware of the Supreme Court's action until May 5, 2005, when, in response to his inquiry regarding the status of his petition, the Pennsylvania Supreme Court advised him that his petition had been denied.

On May 20, 2005, Gray filed a petition under 28 U.S.C. § 2254.   He raised the *Batson* issue and acknowledged he had presented the McMahon tape as new evidence in his PCRA proceeding.   He referred to the *Basemore* decision.

On his motion, proceedings on his *habeas* petition were stayed pending the state court's disposition of a second PCRA petition.   When the state court denied his PCRA petition, the stay was lifted.   Upon the recommendation and report of a magistrate judge, the *habeas* petition was dismissed as untimely on February 4, 2009.   The Third Circuit denied a certificate of appealability on October 6, 2009.

On May 23, 2011, under another docket, Gray filed a motion under Rule 60

claiming that the statute of limitations had been improperly calculated when his first *habeas* petition was dismissed. [1]   In that motion, he made essentially the same arguments he makes in the motion now before us.   That motion was denied on August 17, 2011.

More than eight years later, Gray filed a second Rule 60(b) motion on December 6, 2019.   He claimed that "after discovered" evidence excused his untimely *habeas* petition.   His "new evidence" was that his PCRA counsel had been found in an unrelated case to have had a history of failing to inform clients of the disposition of their appeals, allowing the statute of limitations to expire and depriving them of timely exhausting their state remedies.   So, he argues, the delay in filing his § 2254 motion should be excused and his *Batson* claim decided on the merits.

Gray's claim is not newly-discovered nor is it newly made.   He has made the same argument in other forms and at various times.

As he did in his first Rule 60(b) motion, Gray contends he learned of the tape after he read the Pennsylvania Supreme Court decision in *Basemore.*   The McMahon tape was made public during a contested District Attorney's race in April 1997.   It was again exposed in *Commonwealth v. Basemore*, 744 A.2d 717 (Pa. 2000).   Indeed, when Gray filed his second habeas petition on May 15, 2012,[2] he cited the McMahon tape as newly-discovered evidence.   His petition was transferred to the Third Circuit as a request for authorization to file it as a second or successive petition.   The Third Circuit denied the request.

---

[1]  *Gray v. Kerestes*, Civil Action No. 11-3349.
[2] Gray v. Kerestes, C.A. No. 12-2694.

To say he did not know the basis for a *Batson* claim until he discovered the tape is not credible.   At his trial, he was aware of the composition of the jury and McMahon's striking Black persons.   Nevertheless, he did not make this claim until eight years after the Superior Court affirmed his conviction.

One of Gray's co-defendants, Marvin Spence, was granted a new trial on March 22, 2004, based upon McMahon's purposeful discrimination during jury selection.   *See Commonwealth v. Hackett*, 956 A.2d 978, 981-82 (Pa. 2008).   Unlike Gray, Spence had made a *Batson* challenge at trial.

The only intervening event between when Gray's *habeas* petition was dismissed and his first Rule 60 motion was denied, and when he filed his second Rule 60 motion was a magistrate judge's finding in an unrelated case that the same PCRA counsel that had represented Gray had a history of neglecting to inform his clients of the status of their appeals. That his PCRA counsel had such a history does not excuse Gray from taking steps to comply with the time requirements of the Rules.

Gray's second Rule 60(b) petition was filed more than eight years after his first was denied, and almost eleven years after his *habeas* petition was denied.   He does not assert newly-discovered evidence justifying equitable tolling.   He merely attempts to circumvent the time requirements for filing a timely *habeas* petition.   What he proffers is corroborating, not new, evidence to justify equitable tolling, not to prove his innocence. Therefore, we shall deny his motion.